# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**DWIGHT D. SCOTT**                                                          **PLAINTIFF**
**#148258**

**V.**                    **NO. 4:25-cv-00292-JM-ERE**

**DOES**                                                              **DEFENDANTS**

## RECOMMENDED DISPOSITION

### I. Procedure for Filing Objections:

This Recommendation for the dismissal of Mr. Scott's complaint has been sent to United States District Judge James M. Moody Jr. You may file written objections to all or part of this Recommendation. Any objections filed must: (1) specifically explain the factual and/or legal basis for the objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If no objections are filed, Judge Moody may adopt this Recommendation without independently reviewing all the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

### II. Background:

*Pro se* plaintiff Dwight D. Scott, a pre-trial detainee at the Pulaski County Detention Center ("Detention Center"), filed this lawsuit under 42 U.S.C. § 1983. *Doc. 1*. Mr. Scott's complaint alleges that: (1) on January 12, 2025, he fell in the bathroom and unidentified Detention Center officers failed to provide him medical

care; (2) on January 14, 2025, he fell again in the bathroom and unidentified officers failed to provide him medical care; and (3) he continues to suffer injuries sustained during these incidents. Mr. Scott sues Defendants in both their individual and official capacities seeking money damages.

On April 23, 2025, I entered an Order explaining why the original complaint was deficient but giving Mr. Scott the opportunity to file an amended complaint. *Doc. 5*.

To date, Mr. Scott has not filed an amended complaint, and the time to do so has passed. As a result, I will screen Mr. Scott's original complaint, as required by 28 U.S.C. § 1915A.

## III. Discussion:

### A. Standard

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(a) & (b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011). Factual allegations must "raise a right to relief

above the speculative level" and "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Mere "labels and conclusions" are insufficient, as is a "formulaic recitation of the elements of a cause of action." *Id.* at 555. Legal conclusions couched as factual allegations may be disregarded. See *Iqbal*, 556 U.S. at 679.

### B.     Personal Involvement

Mr. Scott's complaint fails to allege facts to show how any individual Defendant personally participated in unconstitutional conduct or was directly responsible for a constitutional violation. "Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007). Accordingly, as stated, Mr. Scott's complaint fails to state a plausible constitutional claim against any individual Defendant.[1]

---

[1] To the extent that Mr. Scott seeks to hold any supervisor individually liable for the actions of their subordinates, such a claim would not survive screening. Established law holds that a supervisor may not be held vicariously liable under § 1983 for the constitutional violations of a subordinate. *Ashcroft*, 556 U.S. at 676 (holding that "vicarious liability is inapplicable to . . . § 1983 suits"); *Saylor v. Nebraska*, 812 F.3d 637, 644-45 (8th Cir. 2016) (because a supervisor cannot be held vicariously liable for the constitutional violations of a subordinate, prisoner must "show that the supervisor personally participated in or had direct responsibility for the alleged violations" or "that the supervisor actually knew of, and was deliberately indifferent to or tacitly authorized, the unconstitutional acts").

## C. Medical Deliberate Indifference

To state a plausible claim for medical deliberate indifference against any named Defendant, Mr. Scott must allege facts that, taken as true, support a reasonable inference that: (1) he had "objectively serious medical needs"; and (2) each Defendant "actually knew of but deliberately disregarded those needs." *Hamner v. Burls*, 937 F.3d 1171, 1177 (8th Cir. 2019); see also *Saylor v. Nebraska*, 812 F.3d 637, 644 (8th Cir. 2016).[2]

Mr. Scott's complaint contains no facts to show: (1) what medical care he needed but was denied; (2) how any specific individual was aware of his need for

---

[2] A medical need is objectively serious if it has been "diagnosed by a physician as requiring treatment" or if it is "so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Barton v. Taber*, 908 F.3d 1119, 1124 (8th Cir. 2018). When a prisoner alleges that a delay in medical treatment has violated his constitutional rights, the "objective seriousness of the deprivation should also be measured 'by reference to the *effect* of delay in treatment.'" *Laughlin v. Schriro*, 430 F.3d 927, 929 (8th Cir. 2005); see *Roberson v. Bradshaw*, 198 F.3d 645, 648 (8th Cir. 2001) (a prisoner must demonstrate that the delay in obtaining medical treatment adversely affected his prognosis, or that defendants ignored an acute or escalating situation). Importantly, "the Constitution does not require jailers to handle every medical complaint as quickly as each inmate might wish." *Jenkins v. County of Hennepin, Minnesota*, 557 F.3d 628, 633 (8th Cir. 2009).
 Under the subjective component of an inadequate medical care claim, prison officials may not "deliberately delay or deny prisoners' medical care," but a prisoner "must show more than negligence, more even than gross negligence," to make out a constitutional violation. *Hamner*, 937 F.3d at 1177; *see Roberts v. Kopel*, 917 F.3d 1039, 1042 (8th Cir. 2019) (deliberate indifference requires a mental state "akin to criminal recklessness"). Significantly, prisoners "have no right to receive a particular or requested course of treatment," and prison medical personnel "remain free to exercise their independent medical judgment." *Barr v. Pearson*, 909 F.3d 919, 921 (8th Cir. 2018). It is well-settled that a prisoner's "mere difference of opinion over matters of expert medical judgment or a course of medical treatment fails to rise to the level of a constitutional violation." *Id.* at 921-22 (citation and alterations omitted).

medical treatment; (3) how any specific individual denied his requests for medical treatment; and (4) how he was harmed as a result of medical treatment being delayed or denied. Thus, Mr. Scott's proposed medical deliberate indifference claims, as currently stated, cannot survive screening.

### D.    Official Capacity Claims

Under the law, Mr. Scott's official-capacity claims are treated as claims against Pulaski County. *Brewington v. Keener,* 902 F.3d 796, 800 (8th Cir. 2018). Pulaski County cannot be held vicariously liable under § 1983 for the acts of county employees. *Id.* at 800-01 (citing *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694-95 (1978)).

Although not automatically legally responsible for constitutional violations committed by employees, Pulaski County can face § 1983 liability when its own policies, customs, or practices cause constitutional deprivations. *Brewington,* 902 F.3d at 801-02; *Corwin v. City of Independence, Missouri,* 829 F.3d 695, 699-700 (8th Cir. 2016). But Mr. Scott's complaint contains no allegations suggesting that a Pulaski County policy, practice, or custom caused his injury. As a result, the current complaint fails to allege facts to support a plausible official-capacity claim.

### IV.    Conclusion:

For the reasons explained above,

IT IS THEREFORE RECOMMENDED THAT:

1. Mr. Scott's complaint be DISMISSED, without prejudice, for failure to state a plausible constitutional claim for relief.

2. In the future, this dismissal be considered a "strike" for purposes of 28 U.S.C. § 1915(g).

3. The Court certify that an in forma pauperis appeal of this dismissal would be frivolous and not taken in good faith.

4. The Clerk be directed to close this case.

DATED 3 June 2025

_____
UNITED STATES MAGISTRATE JUDGE